[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 15-15772
Non-Argument Calendar

————————————————

D.C. Docket No. 2:11-cv-03261-AKK

FELECIA FLUKER,

Plaintiff-Appellant,

versus

U.S. POSTMASTER GENERAL,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(February 6, 2017)

Before WILLIAM PRYOR, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Felecia Fluker, initially proceeding with counsel, sued the U.S. Postmaster General for employment discrimination under Title VII.  After discharging her attorney, she proceeded to trial *pro se* and lost.  The district court then entered judgment in favor of the U.S. Postmaster General.  Ms. Fluker now takes exception to the adverse judgment in this *pro se* appeal, arguing (1) that there was insufficient evidence supporting the jury's findings, and (2) that the district court erred by excluding certain exhibits she tried to introduce at trial.  Upon review, we affirm.

We lack jurisdiction to consider Ms. Fluker's first argument.  A party must challenge the sufficiency of the evidence before the district court through a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), then renew the motion under Rule 50(b), before she may raise that same challenge on appeal.  We otherwise lack jurisdiction to review an assault on the jury's findings. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399 (2006) (commanding that a Rule 50 motion is a prerequisite to appellate review).

Here, there is no dispute that Ms. Fluker failed to file any Rule 50 motion. She nevertheless asks that we excuse her omission because following trial she "inquired whether she should file a motion of law Rule 50(b) at The District's Court Clerk office first floor," and "'no' was the answer . . . by the Clerk." Appellant's Reply Brief at 3.  But her argument misses the forest for the trees.  A

Rule 50(a) motion is a prerequisite to filing a Rule 50(b) motion, and, therefore, a prerequisite to appellate review of her claim. *See S.E.C. v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 812–13 (11th Cir. 2015); *W. Oil Fields, Inc. v. Pennzoil United, Inc.*, 421 F.2d 387, 390 (5th Cir. 1970). Ms. Fluker makes no argument for why we should excuse the failure to file the initial Rule 50(a) motion. We therefore lack jurisdiction to review the claim.

Ms. Fluker also contends that the district court "would not let Fluker **prove** her exhibits during court." Appellant's Brief at 3 (emphasis in original). Construing her briefing liberally, as we must, we interpret this as a challenge to the district court excluding certain exhibits she tried to introduce at trial. But after Ms. Fluker lists the argument in her "Statement of the Case," her briefing shifts between citing case law, making factual arguments, and at one point providing a "Yes or No Questions" list apparently detailing how witnesses testified at trial. None of Ms. Fluker's discussion clearly relates to her claim concerning the exhibits. And we have repeatedly held that claims "not plainly and prominently" raised or asserted without supporting argument and authority are abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (citations and quotation marks omitted). To the extent Ms. Fluker intended to challenge the district court's exclusion of certain exhibits at trial, she has accordingly abandoned the claim.

**AFFIRMED.**